UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
LANDSDOWNE INVESTMENTS INC.,

    Plaintiff,

  -against-

ARNHOLD AND S. BLEICHROEDER
HOLDINGS, INC.,

    Defendant.
---------------------------------------------x

Case No. 07 CIV. 7421 (RJS)

**COMPLAINT**

Plaintiff, Landsdowne Investment, Inc. ("Landsdowne"), a Bahamian corporation, hereby sues defendant Arnhold and S. Bleichroeder Holdings, Inc. (formerly known as Arnhold and S. Bleichroeder, Inc.) ("Bleichroeder"), a New York corporation, for damages, and alleges as follows:

## **INTRODUCTION**

1. Landsdowne seeks over $14,000,000 in damages resulting from Bleichroeder's failure to complete a purchase of 46,000 Payment Adjustment Warrants (the "Warrants") that should have been delivered contemporaneously with certain Republic of Nigeria ("Nigeria") USD Collateralised Fixed Rate Bonds (the "Bonds") that were purchased by Landsdowne's predecessor in interest. The current market value of the warrants exceeds $11,000,000 and over $3,000,000 in payment rights have been paid on the warrants since the time they should have been delivered.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Landsdowne is a corporation organized and existing under the laws of the Commonwealth of The Bahamas and has its principal place of business in Nassau, Bahamas. Landsdowne is the owner of the claim against Bleichroeder by virtue of an assignment to it by Betax Limited and Clarex Limited dated August 17, 2007.

3. Defendant Bleichroeder is a corporation organized and existing under the laws of the state of New York. It has its principal place of business in New York City, New York.

4. This Court has diversity jurisdiction over this action pursuant to 28 USC § 1332. There is complete diversity of citizenship between the plaintiff and defendant and the action is for damages in excess of $75,000.

5. Venue is proper pursuant to 28 USC § 1391(a) as defendant Bleichroeder resides in this judicial district.

## GENERAL ALLEGATIONS

**The Nigerian Bonds and related Warrants**

6. In 1991 Nigeria issued the Bonds, which had a maturity date of 2020. The Bonds are Brandy bonds that were issued in exchange for defaulted commercial bank loans. The Bonds were issued with related Warrants, which evidenced Payment Adjustment Rights ("Payment Rights") that were designed to provide a partial recovery of the value lost as a result of the debt-service reduction contemplated in the exchange in the event of a significant increase in Nigeria's capacity to service its external debt. One Warrant was issued for every $100

dollars in Bonds. Thus, for every $1,000,000 in Bonds, 1,000 Warrants would be issued.

7. The Warrants were issued by the Central Bank of Nigeria and were guaranteed by Nigeria. The Warrants provide for the possibility of semi-annual payments, beginning in 1996, based upon certain increases in the price of oil.

8. The Warrants were designed to be traded from their initial issuance. The Warrants were initially attached to the Bonds upon their issuance, but were detachable, and therefore transferable, at any time and, accordingly, were assigned their own unique security identification number ("ISIN No.").

**Market Practice related to the trading of the Warrants**

9. While it was always intended that Bonds and their related Warrants could be traded separately, the market quickly that recognized that they would likely most often be traded together. Accordingly, the Emerging Markets Traders Association ("EMTA") issued the following "Market Practice" on September 30, 1992:

> Unless otherwise specified, par and discount bonds with related rights or warrants should trade with the rights or warrants corresponding to such bonds, based on the allocation of such rights or warrants at the original issue date of the bonds.

10. This Market Practice was reaffirmed on September 27, 1996:

> Unless otherwise specified contemporaneously with the oral trade, Par and Discount Bonds with related Rights or Warrants should trade with the Rights or Warrants corresponding to such Bonds (whether or not detachable and based on the allocation of such Rights or Warrants at the original issue of the Bonds).

11. At the time, EMTA reminded market participants that, to ensure trade settlement in accordance with the Market Practice, it was necessary to give

settlement instructions to Euroclear/Clearstream (formerly Cedel) with respect to both the Bonds and their related Warrants. To accomplish this, market participants were required to deliver two separate settlement instructions to Euroclear/Clearstream, referencing one ISIN No. for the Bonds being transferred and another ISIN No. for the related Warrants being transferred.

12.     On October 21, 2002, EMTA recommended new Market Practices (effective for all trades entered into on and after November 1, 2002) for the separate trading of Nigeria Bonds and their related Warrants. The Market Practices recommended that, unless otherwise agreed, Nigeria Bonds should trade without their related Warrants.

**Landsdowne purchases $46,000,000 in Bonds and**
**46,000 Warrants prior to the change in Market Practice**

13.     Prior to the change in Market Practice that became effective on November 1, 2002, Landsdowne's predecessor in interest placed an order with Bleichroeder to purchase $46,000,000 in Bonds and 46,000 Warrants (which Market Practice dictated should be traded together).

14.     Bleichroeder confirmed in writing that it would sell $46,000,000 Bonds and 46,000 in corresponding Warrants.

15.     Landsdowne's predecessor in interest paid in full at settlement the agreed consideration for the Bonds and Warrants.

16.     However, when effecting the trades, Bleichroeder failed to deliver the 46,000 warrants.

17.     Bleichroeder or its successors in interest have admitted on several occasions that Landsdowne's predecessor in interest is entitled to have the 46,000

missing Warrants (and all the accrued, corresponding Payment Rights, which exceed $3,000,000).

18. As of August 2, 2007, the market value of the Warrants is 11,040,000. There have been a total of $3,630,996.46 in Payment Rights on the Warrants that neither Landsdowne's predecessor in interest nor Landsdowne has received.

## COUNT I

## BREACH OF CONTRACT

19. Landsdowne realleges the allegations contained in paragraphs 1-18 set forth above.

20. Landsdowne's predecessor in interest entered into an agreement with Bleichroeder to purchase 46,000 Bonds together with their corresponding 46,000 Warrants.

21. Landsdowne's predecessor in interest paid in full the agreed consideration for the Bonds and Warrants.

22. Bleichroeder failed to deliver the 46,000 Warrants and corresponding Payment Rights. This failure constitutes a breach of contract.

23. As of August 2, 2007, the market value of the Warrants is 11,040,000. Further, there have been a total of $3,630,996.46 in Payment Rights on the Warrants that neither Landsdowne's predecessor in interest nor Landsdowne has received.

24. Landsdowne has been damaged by Bleichroeder's breach of contract.

**WHEREFORE,** Landsdowne Investment, Inc. demands the entry of judgment against Arnhold and S. Bleichroeder LLC for compensatory damages, pre-judgment interest, and any further relief the Court deems necessary and proper.

## COUNT II

## NEGLIGENCE

25. Landsdowne realleges the allegations contained in paragraphs 1-18 set forth above.

26. Landsdowne's predecessor in interest entered into an agreement with Bleichroeder to purchase 46,000 Bonds together with their corresponding 46,000 Warrants.

27. Landsdowne's predecessor in interest paid in full the agreed consideration for the Bonds and Warrants. Bleichroeder had a duty to make sure that it delivered all the Bonds and Warrants purchased by Landsdowne's predecessor.

28. Bleichroeder negligently failed to deliver the 46,000 Warrants and all Payment Rights made by the issuer to Landsdowne or its predecessor in interest.

29. As of August 2, 2007, there have been a total of $3,630,996.46 in Payment Rights on the Warrants that neither Landsdowne's predecessor in interest nor Landsdowne has received. The great majority of these Payment Rights were made during or after 2005.

30. Landsdowne has been damaged by Bleichroeder's negligence.

**WHEREFORE,** Landsdowne Investment, Inc. demands the entry of judgment against Arnhold and S. Bleichroeder LLC for compensatory damages, pre-judgment interest, and any further relief the Court deems necessary and proper.

Dated:  New York, New York
        August 21, 2007

                        Respectfully submitted,

                        AKERMAN SENTERFITT LLP
*Counsel for Plaintiff,*
*Landsdowne Investment, Inc.*
335 Madison Avenue, 26th Floor
New York, New York 10017-4636
Phone:  (212) 880-3800
Fax:  (212) 880-8965


                        S/ Martin Domb
By:   _____
                        Martin Domb (MD-4109)

                            and

                        Luis M. O'Naghten
AKERMAN SENTERFITT
One Southeast Third Avenue, 25th Floor
Miami, FL  33131-1714
Phone:  (305) 374-5600
Fax:  (305) 374-5095